IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

KENNETH HERNANDEZ,  §
Institutional ID No. 01684655  §
SID No. 05501180  §
 §
        Plaintiff,  §
 §   CIVIL ACTION NO. 5:22-CV-298-BQ
v.  §
 §
COLIN M. RICHARDS, *et al.*,  §
 §
        Defendants.  §

## REPORT AND RECOMMENDATION

Proceeding pro se and *in forma pauperis*, Plaintiff Kenneth Hernandez filed this 42 U.S.C. § 1983 action complaining of events alleged to have occurred during his incarceration at the Texas Department of Criminal Justice (TDCJ) Smith Unit. *See* ECF Nos. 1, 2, 6. Because Hernandez has not complied with Court orders and has failed to prosecute this case, the undersigned recommends that the United States District Judge dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure.[1]

## I.    Background

On November 29, 2022, the United States District Judge transferred this action to the undersigned magistrate judge for the purpose of conducting preliminary screening under the Prison Litigation Reform Act (PLRA). ECF No. 7. Before reassigning the case, the district judge issued a PLRA Filing Fee Order, granting Hernandez's request to proceed *in forma pauperis* (IFP) and advising him of his obligation to "promptly notify the Court of any change of address" and that his "[f]ailure to file such notice may result in this case being dismissed for want of prosecution."

---

[1] Not all parties have consented to proceed before a magistrate judge.

ECF No. 6, at 2 ¶ 8 (dated Nov. 29, 2022). Hernandez received a similar admonishment when he initially filed this suit. *See* "Instructions to a Prisoner *Pro Se* Plaintiff," ECF No. 5, at 1 ¶ 2 ("You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

On November 30, 2022, the Court commenced its initial screening of Hernandez's Complaint by entering an order requiring that certain persons and entities provide authenticated records related to Hernandez's claims. ECF No. 9. After reviewing the records, the Court entered an order on April 26, 2023, requiring Hernandez, within thirty days from the date of the order (i.e., May 26, 2023), to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), thus allowing the Court to obtain additional information about the factual bases of his claims. ECF No. 12. In that order, the Court admonished Hernandez that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of this action." *Id.* at 2 (emphasis omitted). The Clerk mailed the order and questionnaire to Hernandez's address on file with the Court. *See* "Clerk's Notice of delivery," dated Apr. 26, 2023.

Although mailed to Hernandez's current address on file, which coincides with the address listed on the last documents submitted by Hernandez (ECF Nos. 1–3), the United States Postal Service returned the Court's order on June 1, 2023, as "Return to Sender" and "Unable to Forward." ECF No. 13. Copies of previous Court orders, which the Clerk mailed as a courtesy to Hernandez, were likewise returned as undeliverable. *See* ECF Nos. 10, 11 (Jan. 13, 2023).

Since receiving the returned mail, Hernandez has not provided a change of address to the Court. In this posture, the Court can only conclude that Hernandez no longer wishes to pursue his claims.

## II.   **Involuntary Dismissal**

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

As noted above, the Court commenced its initial screening of Hernandez's Complaint by ordering the production of authenticated records and requiring Hernandez to complete a questionnaire. Hernandez's failure to update his current mailing address, however, thwarts the Court's ability to further review the case, either through setting an evidentiary hearing (*Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985)) or re-sending the questionnaire. In this circumstance a court is basically at the mercy of a litigant who refuses to update his whereabouts, thereby preventing the Court from effectively communicating with the party or further evaluating his claims. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

Judges in this district have previously dismissed other prisoners' claims for failing to update their addresses and/or return the Court's questionnaires. *See, e.g.*, *Adams v. Thomas*, No. 1:19-CV-00208-BU, 2022 WL 877118, at *1–2 (N.D. Tex. Feb. 8, 2022) (finding plaintiff's failure to update his address, which resulted in the order to complete a questionnaire being returned undeliverable, necessitated dismissal of the case under Rule 41(b)), *R. & R. adopted by* 2022 WL 875981 (N.D. Tex. Mar. 24, 2022); *Williams v. Lubbock Cnty. Sheriff's Off.*, No. 5:17-CV-226-BQ, 2018 WL 1461738, at *2 (N.D. Tex. Feb. 15, 2018) (recommending dismissal under Rule

41(b) where plaintiff had not updated his address or returned the questionnaire), *R. & R. adopted by* 2018 WL 1461842 (N.D. Tex. Mar. 22, 2018); *Bey v. Greyhound Lines, Inc.*, No. 3:15-CV-1406-M-BH, 2016 WL 6561590, at *1 (N.D. Tex. Feb. 19, 2016) (recommending dismissal pursuant to Federal Rule of Civil Procedure 41(b) where plaintiff failed to return the magistrate judge's questionnaire), *R. & R. adopted by* 2016 WL 6561591 (N.D. Tex. Mar. 9, 2016). Because Hernandez has not provided an updated address, and he has wholly failed to communicate with the Court in this action since November 22, 2022, the district judge should dismiss this case for want of prosecution. *See Manzo-Flores v. Dixon*, No. 5:13–CV–00114–C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

### III.   Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Judge dismiss Hernandez's Complaint without prejudice for want of prosecution in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

### IV.   Right To Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved

party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 26, 2023.

_____
**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**